IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward G. Jones, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 9:22-cv-2161-BHH |
| v. ) | |
| ) | |
| Director of the Greenville County ) | **ORDER** |
| Detention Center, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Edward G. Jones ("Jones" or "Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF Nos. 1 and 9.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review. On October 31, 2022, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss Jones' amended § 2241 petition without prejudice and without requiring Respondent to file a return. Attached to the Report was a notice advising Petitioner of the right to file written objections to the Report within fourteen days of receiving a copy. Petitioner filed objections on November 14, 2022, and the matter is ripe for review.

## BACKGROUND

Jones is a pretrial detainee at the Greenville County Detention Center, and in his amended § 2241 petition he challenges his pending state criminal charges and alleges that he is being falsely imprisoned and that his constitutional rights are being violated. (ECF No. 9.) Records from the Greenville County 13th Judicial Circuit Public Index indicate that

Petitioner has pending state court charges in the following case numbers: 20212021A2320500366 (burglary-first degree), 2021A2320500367 (kidnapping), 2021A2320500368 (assault and battery of a high and aggravated nature), and 2021A320500369 (possession of a weapon during a violent crime). *See* https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (search by the case numbers listed above) (last visited February 7, 2023).[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

In her Report, the Magistrate Judge determined that Jones' amended § 2241 petition is subject to dismissal on abstention grounds. *See Younger v. Harris*, 401 U.S. 37 (1971). Specifically, the Magistrate Judge explained that although pretrial petitions for habeas

---

[1] The Court may take judicial notice of the contents of its own records as well as the records of other courts.

corpus may be brought under 28 U.S.C. § 2241, such pretrial petitions generally may not be brought to dismiss an indictment or otherwise prevent a prosecution, *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  As the Magistrate Judge further explained, pursuant to *Younger*, a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary circumstances," which the Magistrate Judge did not find here.  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

In his objections to the Magistrate Judge's Report, Petitioner asserts that this Court should interfere with his pending state criminal proceedings because this case involves extraordinary circumstances.  Specifically, Petitioner asserts that he is being falsely imprisoned, that he is suffering personal injury while confined, and that his constitutional rights are being violated. (ECF No. 19 at 2-4.)  Petitioner also alludes to a separate § 1983 claim he has filed based on his alleged unlawful confinement.  (*Id.* at 4-5.)

After review, the Court finds no merit to Petitioner's objections and agrees with the Magistrate Judge's cogent analysis.  As the Magistrate Judge explained, following *Younger* and its progeny, the Fourth Circuit Court of Appeals has outlined the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, after review, the Court fully agrees with the Magistrate Judge that this case meets all criteria for abstention.  Furthermore, despite Petitioner's conclusory assertions to the contrary, the Court agrees with the Magistrate Judge that this case does not involve

extraordinary circumstances that warrant this Court's pretrial intervention. As the Magistrate Judge properly explained, Petitioner can pursue his claims in state court both during and after trial, and he has not shown that he has no adequate remedy at law or that he will suffer irreparable injury absent this Court's intervention. Accordingly, the Court agrees with the Magistrate Judge that this action is subject to summary dismissal on abstention grounds.

## CONCLUSION

For the reasons stated above and set forth by the Magistrate Judge, the Court overrules Petitioner's objections (ECF No. 19) and adopts and incorporates by reference the Magistrate Judge's Report (ECF No. 17). It is therefore **ORDERED** that Petitioner's amended § 2241 petition is **DISMISSED without prejudice and without requiring Respondent to file a return**.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

February 7, 2023
Greenville, South Carolina

*****

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When

4

a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484-85.  Here, the Court finds that Petitioner has not made the requisite showing of "the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Accordingly, the Court denies a certificate of appealability.